```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA,        :
                                 :            SUMMARY ORDER
           -against-             :
                                 :            09-cr-525(DLI)
WILLIAM PERKINS, et. al.,        :
                                 :
                  Defendant.     :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

By letter dated June 19, 2012, defendant William Perkins moves for a modification of the sentence imposed by the Court due to a subsequent change in defendant's family's financial circumstances. The government opposes the motion. For the reasons set forth below, defendant's motion is denied.

On November 8, 2011, defendant pled guilty under Count One of the superseding indictment to Conspiracy to Commit Mail and Wire Fraud, a Class C Felony, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. On April 17, 2012, defendant was sentenced to a term of twelve months and one day of imprisonment, and three years of supervised release with special conditions, including compliance with the restitution and forfeiture orders issued by the Court.[1] Two months after sentence was imposed, defendant made the instant motion for a reduction of his sentence, specifically requesting a non-incarceration sentence due to a reduction in his wife's income since sentence was imposed. Defendant contends that this income reduction, along with defendant's impending incarceration[2] would impose an undue financial hardship on defendant's

---

[1] The Court originally ordered defendant to make restitution in the amount of $442,754.00, which included $213,036.00 in restitution to Asurion. The government later advised the court that, based on defendant's role in the offense, he should not be required to pay restitution to Asurion. Accordingly, on May 2, 2012, the court filed an Amended Judgment and Commitment Order reducing the amount of restitution to be made by defendant to $229,718.00. The Court assumes the parties' familiarity with the facts and circumstances of this case.

[2] Without objection by the government, the Court directed defendant to voluntarily surrender himself to the designated Bureau of Prisons facility on June 29, 2012. By letter dated June 22, 2012, defendant requested that the

family. Notably, the initial letter motion contained no other specific information concerning the family's finances. The government opposed the motion noting that the Presentence Investigation Report ("PSR") showed that defendant's household had a negative monthly cash flow, and the only new information provided by defendant was the wife's income reduction. The government further noted that defendant's motion was lacking in detail as to a quantification of the income reduction or how defendant's absence would affect the household's total expenses or how the family could mitigate the expenses noted in the PSR for a one-year period. The government contends further that defendant's financial situation was considered by the Court at the time of sentencing. Defendant, in his reply, sought to counter the government's arguments by providing information as to defendant's wife's loss of income and ways in which the family has sought to mitigate its expenses. However, this belated effort is to no avail as defendant's motion has no merit, and the Court has no legal authority to reduce his sentence under the circumstances herein.

As an initial matter, the Court has no authority to alter an imposed sentence, except under certain very narrow circumstances. As noted by the Second Circuit Court of Appeals in *United States v. Kyles,* 601 F. 3d 78 (2d Cir. 2010):

> It is well-established that a district court may not alter an imposed sentence, except in narrow circumstances not present here. *See* 18 U.S.C. §3582(c) (permitting modification of sentence (1) upon motion by Bureau of Prisons for reduced term of imprisonment, (2) as otherwise expressly provided by statute or Fed.R.Crim.P. 35 or (3) where Sentencing Commission subsequently reduces applicable sentencing guidelines range pursuant to 28 U.S.C. §994(*o*)); Fed.R.Crim.P. 35(1993) (permitting court to correct sentence upon remand from higher court, to reduce sentence on motion of government, or to correct sentence infected by clear error within seven days of imposi-

---

Court extend this deadline, pending its decision on the instant motion. By Electronic Order dated June 25, 2012, the Court granted defendant's motion and extended the self-surrender date to July 29, 2012.

tion);[3] Fed.R.Crim.P. 36 (permitting court to correct clerical error in judgment); *see also Poindexter v. United States,* 556 F.3d 87, 89 (2d Cir. 2009); *United States v. Burd,* 86 F.3d 285, 289 (2d Cir. 1996).

*Id.* at 83. None of the circumstances described above are present in this case. There is no legal authority for the Court to amend defendant's sentence under the circumstances presented here. Indeed, defendant cites none. Accordingly, defendant's motion is denied on this ground.

Moreover, as the government points out, the Court considered defendant's family's financial situation at the time of sentence. Indeed, at the sentencing hearing, the Court expressed concern that the wife's income contribution had been left out of the financial section of the PSR, thus depriving the Court of a full picture of the family's finances. Also left out of the calculation was the defendant's daughter's income. As she lives with defendant and his wife, her financial contribution to the family was important. The Probation Officer present at sentencing explained that the defendant only provided his own income contribution for a determination of his net worth and his ability to pay a fine in addition to restitution, and, since his wife was entitled to her privacy, she was not required to provide information about her finances. The Court further noted at sentencing that the family seemed to have non-essential expenses that could be trimmed in order to make ends meet. Defendant now wants the Court to consider his wife's and daughter's financial contribution to the home. While the Court is sympathetic to defendant's financial difficulties, they have not changed so dramatically or to such a degree that would warrant a reduction in defendant's sentence, which represented the bottom of his sentence guideline range of 12 to 18 months of imprisonment. Accordingly, defendant's motion is denied on this ground as well.

---

[3] Federal Rule of Criminal Procedure 35 was amended effective December 1, 2009 to permit the correction of an erroneous sentence within fourteen days of imposition.

## CONCLUSION

For the reasons set forth above, defendant's motion for a reduction of sentence due to financial hardship is denied in its entirety.

SO ORDERED.

DATED: Brooklyn, New York
July 17, 2012

_____/s/_____
DORA L. IRIZARRY
United States District Judge